## DEMPSEY v. ZITTEL.

(Supreme Court, Appellate Term. December 7, 1904.)

1. AGENTS—RENTS—COLLECTION AFTER CONVEYANCE BY PRINCIPAL.

Defendant, having accepted authority from D. to collect the rents of a building, and having shown no right to retain those collected by him after the recording of the deed of D. to plaintiff's assignor, and not paid over to any one, is liable to plaintiff therefor.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Guy C. Dempsey against Frederick Zittel. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Fettretch, Silkman & Seybel, for appellant.
Joffe & Nagler, for respondent.

FREEDMAN, P. J. The cause of action set up in the complaint is that in October and November, 1902, plaintiff's assignor, Mary A. Soule, was the owner of premises in this city known as Nos. 65 West Sixty-Ninth street and 64 West Seventieth street, and that defendant collected the sum of $300 rent of said premises for those two months, which rent had not been paid over. The amended answer practically admitted the collection of the rents aforesaid, but denied that they were collected on account of Mary A. Soule; alleged that the premises were not in possession of said Soule, but were in possession either of the Vesey Realty & Mortgage Company, Blair Ingalls, or John Aird Dempsey; and that said Dempsey acted either for himself or for said realty company or Ingalls. Defendant also set up a counterclaim for the sum of $200 for services rendered by him in connection with the procuring of a loan upon said premises. This counterclaim was not proven, and was properly dismissed by the trial court. The record shows that John Aird Dempsey conveyed the premises in question by deed dated June 15, 1899, and recorded December 4, 1899. Defendant began to collect the rents early in 1902. The only person whom he knew, or from whom he. derived the authority to collect said rents, was from John Aird Dempsey, the grantor of plaintiff's assignor. Defendant recognized Dempsey's right to collect the rents by·accepting authority delegated to him by Dempsey, and paid over to Dempsey all the rents so collected except the rents for October and November, 1902. It appears that Dempsey died some time before the commencement of this action. It is somewhat difficult to ascertain from the answer and the record just what the defense is based upon. It was not shown by the defendant that either the Vesey Realty Company or Blair Ingalls ever owned the premises in question; nor does it appear, if that was essential, who

had possession of the premises, except that presumably they were occupied by tenants, who, in 1902, paid the rents to defendant. There is some testimony to the effect that the Vesey Realty & Mortgage Company were the agents of Mary A. Soule, and that Dempsey was the agent of the Vesey Realty & Mortgage Company. This testimony defendant claims was improperly admitted; but, even so, such evidence was harmless, unless defendant could show that some party other than Dempsey had a paramount right to the rents collected by him. We must assume that Dempsey had no right to the rents as owner of the property, for he conveyed to plaintiff's assignor in 1899. Presumably then he was acting as agent for the owner, and such owner is shown to be plaintiff's assignor, and the recording of her deed was notice to the defendant, if he required any notice, who was the owner of the premises. Defendant failed to show any right to retain the rents collected by him. The other points raised by him have been considered and are without merit.

Judgment affirmed, with costs. All concur.